IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02523-SBP

MATTHEW SPRAGUE and
AMANDA SPRAGUE,

      Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

**ORDER REGARDING PLAINTIFFS' JUNE 2025 SUPPLEMENTAL DISCLOSURES**

**Susan Prose, United States Magistrate Judge**

      This matter comes before the court on an issue that was brought to the court's attention when the parties filed their proposed Final Pretrial Order on June 30, 2025, i.e., Plaintiffs' submission of two sets of supplemental disclosures on June 13, 2025. *See* ECF No. 86 at 39-43.

      State Farm objected to the use at trial of these late-in-the-game disclosures—made just five weeks before trial is set to begin on July 18, 2025—which included an "updated" construction cost estimate from Forge & Bow[1] dated May 16, 2025, purporting to claim replacement cost damages in an amount five hundred thousand dollars greater than that set forth in the previous Forge & Bow estimate provided to State Farm in July 2023. *See id.*; *compare*

---

[1] The court assumes the reader's familiarity with the relevant facts and pertinent chronology, both of which have been detailed at length in multiple orders issued by this court. As most pertinent to the instant issue, the court's analysis in the Order on Reserved Issues in Defendant's Motion in Limine, ECF No. 87—including, in particular, the court's findings concerning the status of Jordan Obermann, the principal of Forge & Bow—is fully incorporated here.

ECF No. 49-2 (July 14, 2023 estimate containing projected repair budget of $1,234,301.63) *with* ECF No. 83-1 at 8 (May 16, 2025 estimate containing projected repair budget of $1,733,475.02). After learning of this issue, the court ordered the parties to file the fourth and fifth supplemental disclosures on the docket to enable the court to conduct a thorough review of the question. *See* ECF No. 81; *see also* ECF No. 82 (Plaintiffs' fourth supplemental disclosures);[2] ECF No. 83 (Plaintiffs' fifth supplemental disclosures).

The court heard argument concerning the timing of the production of the fourth and fifth supplemental disclosures at the Final Pretrial Conference on July 2, 2025. At the conference, the court ruled that the new information contained in the disclosures—in particular, the May 16, 2025 Forge & Bow estimate of $1,733,475.02—will not be permitted to be used at trial. Neither will Plaintiffs be permitted to present testimony concerning that estimate, including testimony from Mr. Obermann. As the court stated on the record at the Final Pretrial Conference, this written order, confirming the court's ruling, would follow.

## ANALYSIS

In its prior order on State Farm's motion in limine, the court found certain deficiencies in Mr. Obermann's disclosure, which should have complied with the requirements for a non-retained expert witness under Federal Rule of Civil Procedure 26(a)(2)(C), but concluded that any defect in the disclosures was ultimately harmless under Federal Rule of Civil Procedure 37(c). ECF No. 87 at 10-17 (discussing the relevant factors defined in *Woodworker's Supply,*

---

[2] Although the certificate of service on the fourth supplemental disclosures is dated September 5, 2024, ECF No. 82 at 8, the parties confirmed at oral argument that this was a typographical error and that the disclosures were actually submitted to State Farm on June 13, 2025.

*Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)); *see also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Thus, the court exercised its discretion to find that a blanket preclusion of Mr. Obermann's testimony concerning the Forge & Bow estimate dated July 14, 2023—including any testimony that may qualify as expert opinion testimony under Rule 702—was unwarranted. *Id.* at 17 (denying State Farm's motion in limine seeking to preclude this evidence from being admitted at trial).

However, that finding does not compel the conclusion that Plaintiffs may offer evidence about the May 16, 2025 Forge and Bow estimate, which was not provided to State Farm until June 13, 2025—months after discovery closed and a mere five weeks before trial. The court's evaluation of the question rests on the application of Federal Rules of Civil Procedure 26(a)(2), 26(e), and 37(c), governing disclosures, supplementation, and the appropriate sanctions for improper disclosures.

Rule 26(a)(2)(E) states that "[t]he parties must supplement these [expert] disclosures when required under Rule 26(e)." Additionally, "[a] party who has made a disclose under Rule 26(a) . . . *must* supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A) (emphasis add); *see also Sender v. Mann*, 225 F.R.D. 645, 653 (D. Colo. 2004) ("Rule 26 *requires* a party to

3

supplement . . . if that party 'learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties[.]'") (quoting Fed. R. Civ. P. 26(e)(1)(A)) (emphasis added).[3]

The approximately five-hundred-thousand-dollar increase in the May 2025 Forge & Bow estimate over the July 2023 estimate—which Plaintiffs waited until June 2025 to disclose to State Farm—is significant, to say the least. State Farm has retained an expert to refute the analysis in Forge & Bow's July 2023 estimate. *See* ECF No. 33-13 at 5-33 (June 19, 2024 Cost Opinion Report prepared by Derek Peterson, Senior Construction Consultant for MF Group, Inc.). But State Farm's expert had no opportunity to respond to the formidable increase reflected in the May 2025 estimate. Discovery closed in October 2024, *see* ECF No. 32, and trial was just a few weeks away when Plaintiffs signaled a large-scale shift in the damages framework of the case.

The court cannot fathom why an updated estimate from Forge & Bow could not have been provided to State Farm months earlier than it was. More than a year elapsed between the production of the July 2023 estimate and the close of discovery in October 2024, with apparently nary a word from Plaintiffs about an increase in the Forge & Bow repair-cost numbers. Nor was there any attempt to provide updated numbers within a reasonable amount of time after that. Instead, *eight months* passed after discovery closed—one of those months with Plaintiffs having

---

[3] To the extent Mr. Obermann will testify about the Forge & Bow estimate and provide cost-estimation opinions that fall under Rule 702, he is deemed to be a non-retained expert under Rule 26(a)(2)(C). *See* ECF No. 87 at 9-10. Therefore the supplementation rule for an expert witness who must provide a report under Rule 26(a)(2)(B)—mandating that "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due," *see* Fed. R. Civ. P. 26(e)(2)—does not apply here.

the May 2025 estimate in hand—before Plaintiffs revealed to State Farm that they would seek at trial a much larger amount of damages for replacement-cost value than had ever been revealed during the course of discovery.

At the oral argument at the Final Pretrial Conference, Plaintiffs presented no cogent explanation for this timeline. As best the court can discern, the Spragues themselves—acting without direction from their attorneys—seem to have asked Forge & Bow for another estimate. It may be that the Spragues did not make counsel aware of the existence of the new estimate for some time, resulting in an additional month's delay between the acquisition of the May 2025 estimate and its production to State Farm in June 2025. The precise contours of the timeline were not made plain at oral argument. Regardless, the court respectfully finds that the disclosure of the May 2025 estimate was flagrantly, and inappropriately, late.

The court therefore must determine what sanction to apply. Under Rule 37(c)(1), the default sanction for this delayed disclosure is exclusion, "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). The court is guided in this assessment by by the factors set forth in *Woodworker's Supply*: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *See* 170 F.3d at 993. This determination is entrusted to the court's "broad discretion." *Id.* (citation omitted).

First, as to surprise, State Farm was apprised of a five-hundred-thousand-dollar escalation in the potential value of this case, not counting prejudgment interest and the statutory multiplier

5

set forth in Colorado Revised Statute § 10-3-1116, *see* ECF No. 83 at 6[4]— just five weeks before trial and after reasonably relying on the July 2023 Forge & Bow estimate for almost two years. By June 2025, the discovery cutoff and dispositive-motion deadline had long passed, and the parties had launched into trial preparation. At that juncture, State Farm had no reason to anticipate an eleventh-hour shift in Plaintiffs' damages claims, and Plaintiffs have not contended otherwise. These circumstances make the May 2025 Forge & Bow estimate a "surprise" to State Farm as contemplated in Rule 37(c)(1) and in *Woodworker's Supply*.

Second, concerning prejudice and State Farm's ability to cure it, it is apparent from any rational reading of the record that the late disclosure causes prejudice to State Farm that cannot be cured at this advanced stage of the case. There is no opportunity for State Farm to depose Mr. Obermann before trial, and reopening discovery for that purpose would require that the trial be vacated and reset, in all likelihood, to a date months down the road. Critically, Mr. Peterson, State Farm's cost-estimation expert, has no opportunity to prepare an analysis focused on a Forge & Bow estimate significantly different from the one he analyzed over a year ago. That is patently unfair to State Farm, who exercised diligence in retaining and disclosing its own cost-estimation expert in compliance with the Federal Rules of Civil Procedure and the deadlines set by the court. *See, e.g.*, *Crew Tile Distribution, Inc. v. Porcelanosa Los Angeles, Inc.*, No. 13-cv-3206-WJM-KMT, 2017 WL 633044, at *6 (D. Colo. Feb. 16, 2017) (holding that "[a]llowing late disclosure of these new expert opinions would be prejudicial at this late stage of litigation")

---

[4] On this point, State Farm observes that "[i]t is impossible for State Farm to have unreasonably delayed payment on an estimate provided to State Farm's counsel only weeks ago," ECF No. 86 at 39-40—yet another issue the court must anticipate would be hotly disputed at trial.

(citing *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (to permit improper supplementation "would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions")).

Third, for the reasons discussed, permitting the very late disclosure of a substantially-elevated estimate for repair costs would certainly disrupt the trial. State Farm, through no fault of its own, would be unable to thoroughly prepare its expert to discuss an estimate that contains both higher numbers and new areas of claimed damages. In these circumstances, the court must anticipate a trial marked by a lack of clarity in crucial expert testimony, a greater number of objections and side-bars, and the necessity for the undersigned to make many more rulings on complicated issues than would ordinarily arise at trial. In short, allowing Plaintiffs to present evidence of the last-minute alteration of the Forge & Bow estimate would inevitably disrupt and complicate the trial process.

Finally, as to willfulness and bad faith, this court exercises great caution in ascribing bad faith to any party, and it is guided by that principle here. But the court cannot ignore the fact that *someone* asked Forge & Bow for a new estimate at a stage in the case that Plaintiffs surely must have known would effectively deprive State Farm of the ability to prepare a defense targeted to that new information—in particular, a defense informed by thoughtfully-prepared expert testimony. There simply could be no time for that, and no one logically could conclude otherwise.

The court stops short of finding that the request was made in bad faith, but the undisputed timeline compels the conclusion that the request was made purposely and with the intention of

7

dramatically expanding the damages Plaintiffs would be able to seek at trial. Those efforts should, and could, have been made months ago, in the fifteen months that remained in the discovery process after the July 2023 estimate was generated, or within the span of some reasonable extension of the discovery period Plaintiffs could have requested before discovery closed in October 2024. Plaintiffs have offered no explanation for failing to avail themselves of earlier opportunities to explicitly place a request for more damages in the record at a time and in a manner that would have given State Farm a full and fair opportunity to rebut it.

For these reasons, the court respectfully finds that Plaintiffs' violation of Rule 26 in disclosing a new Forge & Bow estimate just a few weeks before trial was not justified or harmless. That late disclosure has significantly hindered—indeed, has effectively precluded—State Farm's ability to probe the information in the estimate and to present a fully-informed defense at trial. Therefore, Plaintiffs' Rule 26 violation both prejudiced and surprised State Farm. In light of this delay, evidence about the May 2025 estimate would be disruptive to the trial, as well as confusing and not helpful to the jury. Although the court declines to finds that Plaintiffs acted willfully or in bad faith, the remaining *Woodworker's Supply* factors weigh heavily against a determination that the violation was justified or harmless.

In sum, under Rule 37(c)(1), the default form of relief for a violation of Rule 26 is exclusion, and the court finds no persuasive reason to adopt another approach in the circumstances here. It is therefore respectfully **ORDERED** that all evidence, including all opinions and testimony, regarding the May 16, 2025 Forge & Bow estimate, disclosed to State Farm on June 13, 2025, is excluded.

DATED: July 9, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge